IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SIMMONS, N10474,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **SHAWN BRASHER,** | ) Case No. 23-cv-2829-DWD |
| **CHRISTOPHER B. BLEDSOE,** | ) |
| **C/O GLOVER,** | ) |
| **LU WALKER,** | ) |
| **C/O BELTZ,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert Simmons, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Shawnee Correctional Center (Shawnee), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff complains of an assault by correctional officers, subsequent disciplinary reports, retaliation, and the refusal of medical treatment. Plaintiff applied for *in forma pauperis* status, which was granted on August 24, 2023. Plaintiff's complaint is now technically before the Court for initial review under Section 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). However, upon reviewing the Complaint, the Court has detected a more pressing issue—Plaintiff's eligibility for *in forma pauperis* status in light of his litigation history.

According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 1), Plaintiff did not disclose any of his strikes.[1]  However, court documents are public records, and the Court can take judicial notice of them.  *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

The Court's *in forma pauperis* (IFP) application form states: I Declare one of the following:

> I have NOT had 3 or more civil actions dismissed as being frivolous, malicious, or for failure to state a claim and/or received 3 or more "strikes" under 28 U.S.C. § 1915(g).
>
> I am proceeding under 28 U.S.C. § 1915(g), based on my claim that I am in imminent danger of serious physical injury.

(Doc. 2).  On his IFP application, Plaintiff placed a check mark next to **BOTH** of these statements.

---

[1] Although Plaintiff technically disclosed some of his litigation history to the Court, he did not disclose any of the strikes he was assessed under § 1915(g).  Plaintiff is **WARNED** that failure to clearly disclose each of his strikes in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court.  *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

The Court's standard civil rights template also solicits information about an inmate's litigation history. However, rather than use this Court's template, which asks if a previous case has resulted in a "strike," (Doc. 1 at 11), Plaintiff instead inserted the litigation history pages of the civil rights template for the Northern District of Illinois. (Doc. 1 at 4-10). The Northern District's template asks for the disposition of a case, but it does not explicitly ask if a strike was assessed. (Doc. 1 at 4). Nevertheless, it does explicitly warn that if an inmate does not disclose his or her full litigation history, the failure to disclose it might result in the dismissal of the case.

Using the Northern District form and one handwritten blank sheet, Plaintiff disclosed eight federal civil rights cases: Case Nos. 09-cv-1969 (NDIL); 14-cv-4020 (NDIL); 14-cv-479 (CDIL); 13-cv-4703 (NDIL); 14-cv-1279 (NDIL); 15-cv-4312 (NDIL); 20-cv-896 (SDIL) and *Simmons v. Messina* (NDIL). He indicated dispositions for some of the cases, though for case *Simmons v. Messina*, which he listed as a 2015 case, he indicated he could not remember the case number, nor did he have any information available. (Doc. 1 at 10). It appears he listed this case twice. (Doc. 1 at 9-10).

Plaintiff's litigation history, and the lack of full disclosure about the disposition of his cases prompted the Court to review publicly available records about his litigation history using the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). The PACER website reflected: *Simmons v. Spong, et al.*, 15-cv-4312 (N.D. Ill.); *Simmons v. Forensic Clinical Services, et al.*, 15-cv-10292 (N.D. Ill); *Simmons v. Tod Van Wolvelaere, et al.*, 14-cv-4020 (C.D. Ill.); *Simmons v. Killackey, et al.*, 09-cv-1969 (N.D. Ill.); *Simmons v. Cook County Jail, et al.*, 13-cv-3342 (N.D. Ill.); *Simmons v. Messina, et al.*, 13-

cv-4703 (N.D. Ill.); *Simmons v. Cook County Jail, et al.*, 13-cv-4821 (N.D. Ill.)[2]; *Simmons v. Tod Van Wolvelaere, et al.*, 14-cv-235 (N.D. Ill.); *Simmons v. Dart, et al.*, 14-cv-1279 (N.D. Ill); *Simmons v. Walker*, 20-cv-0896 (S.D. Ill.). Upon review of these cases, the Court notes that Plaintiff was assessed a strike in: *Simmons v. Cook County Jail, et al.*, 13-cv-4821 (N.D. Ill. July 19, 2013 Order); *Simmons v. Dart, et al.*, 14-cv-1279 (N.D. Ill. Nov. 20, 2014 Order)[3]; *Simmons v. Forensic Clinical Services, et al.*, 15-cv-10292 (N.D. Ill. Dec. 18, 2015 Order)[4]. PACER records also reflect two appeals that were ultimately dismissed for failure to pay the filing fees. *Simmons v. Cook County Jail*, 13-pr-2746 (7th Cir. 2013); *Simmons v. Tod Van Wolvelaere*, 17-pr-1007 (7th Cir. 2017).

Plaintiff was warned on at least two occasions by the Northern District of Illinois that if he failed to disclose his litigation history, he could face penalties, and one of his strikes was actually assessed for being deceptive about his litigation history. *Simmons v. Dart*, 14-cv-1279. The *Simmons v. Dart*, Court observed

> Plaintiff's repeated concealment of information from multiple courts does not appear to be innocent oversight or a mere one-time mistake. The fraudulent nature of Plaintiff's repeated omission of his prior litigation history is evidence by his most recent lawsuit, *Simmons v. IDOC, et al.*, 14-cv-479, currently pending before the Southern District of Illinois. In that

---

[2] This case was dismissed for failure to state a claim about the lack of access to the law library as a pretrial detainee, and Plaintiff was warned that if he had three federal cases dismissed for failure to state a claim, or as frivolous or malicious, then he would be barred from bringing other suits absent payment of the fee or imminent danger. *See Simmons v. Dart, et al.*, Case No. 13-cv-4821 (N.D. Ill. July 19, 2013 Order [Docket entry 6 at 2].

[3] This case was dismissed with prejudice for fraud on the Court concerning litigation history, and Plaintiff was assessed a strike per § 1915(g). *Simmons v. Dart, et al.*, Case No. 14-cv-1279 (N.D. Ill. Nov. 20, 2014 Order [Docket entry 31]).

[4] This case was dismissed for failure to state a claim because one defendant was immune, and the claims against the other defendants relied on supervisory liability, which is not a valid theory under § 1983. *Simmons v. Forensic Clinical Services, et al.*, Case No. 15-cv-10292 (N.D. Ill. Dec. 18, 2015 Order [Docket entry 6 at 2-3]). Plaintiff was again warned that he had failed to adequately disclose his litigation history. *Id.* at 3.

case, page 3 of the civil rights complaint form asks Plaintiff whether he has begun any other lawsuits in state or federal court relating to his imprisonment. *See Simmons v. IDOC*, 14-cv-479 [DE 1 at 3]. Plaintiff answered this question "No" and marked the remainder of the litigation history questions with "N/A." *Id.* However, as set forth above, Plaintiff has filed multiple other lawsuits before several different federal courts and similarly concealed his litigation history from these courts. Plaintiff's concealment of his litigation history leaves the Southern District of Illinois unaware of his litigious behavior and the fact that Plaintiff has had a strike issued against him.

*Simmons v. Dart, et al.*, Case No. 14-cv-1279 (N.D. Ill. Nov. 20, 2014 Order [Docket entry 31]). Likewise, the *Simmons v. Forensic Services* Court noted that Plaintiff's complaint was deficient in a "troubling way" because he failed to fully and accurately disclose his litigation history, recounting just six instead of eight prior cases. *Simmons v. Forensic Services*, Case No. 15-cv-10292 (N.D. Ill. Dec. 18, 2015 Order [Docket entry 6]).

Against this backdrop, it appears to be no mistake that Plaintiff disclosed only some of his litigation history, and that he purposefully chose to utilize a portion of the fill-in-the-blank complaint form from another judicial district which did not explicitly ask about strikes. Plaintiff disclosed only one of the three cases in which he incurred a strike, *Simmons v. Dart, et al.*, 14-cv-1279, and he did not report that he got a strike in this case. He completely omitted reference to the other two cases where he got strikes—Case Nos. 13-cv-4821 and 15-cv-10292.

Given the inconsistencies detected in the Northern District of Illinois, the undersigned also reviewed documents filed by Plaintiff in *Simmons v. Walker, et al.*, Case No. 20-cv-869 (S.D. Ill.). In that case, Plaintiff again used litigation history forms from another Court, but on a handwritten page he indicated "the Plaintiff has incurred 2

strikes." *Simmons v. Walker, et al.*, Case No. 20-cv-869 (S.D. Ill. [Docket entry 1 at p. 9]). In the IFP application, he only checked the box that he did NOT have 3 strikes, and he left the §1915(g) "imminent danger" box blank. *Id.* [docket entry 2].

Plaintiff's variable reporting of his litigation history both before the undersigned, to other judges of this District, and to judges in other districts, is not an accident or an oversight. Plaintiff intentionally discloses differing amounts of information, with no valid justification for his behavior. He filed a case in this District in 2020 and explicitly mentioned he has two strikes, but then just a few years later filed another case and was silent on the topic. It is curious, indeed, that he would previously indicate he did not have three strikes, but then also check the box on his new IFP application to proceed under the "imminent danger" exception. Plaintiff's present pleading conduct is designed to hide his prior strikes, and it is not excusable.

Upon a review of all the available information, the Court finds that Plaintiff was "struck out" at the time he initiated this lawsuit, but he failed to disclose that information. Two of his strikes were incurred in the routine fashion, for failing to state a claim. *See Simmons v. Dart, et al.*, Case No. 13-cv-4821 (N.D. Ill. July 19, 2013 Order [Docket entry 6 at 2]; *Simmons v. Forensic Clinical Services, et al.*, Case No. 15-cv-10292 (N.D. Ill. Dec. 18, 2015 Order [Docket entry 6]). The third was incurred because Plaintiff's litigation conduct and his failure to disclose his litigation history was frivolous or malicious in nature. *Simmons v. Dart, et al.*, Case No. 14-cv-1279 (N.D. Ill. Nov. 20, 2014 Order [Docket entry 31]). These are all grounds to incur a strike. *See e.g. Goodvine v. Carr*, 761 Fed. App'x 598, 601-02 (7th Cir. 2019) (affirming the assessment of a strike for malicious litigation

behavior where an inmate submitted a false and fraudulent declaration to the Court). Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Having reviewed Plaintiff's Complaint, the Court concludes that he does not satisfy this requirement.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original Complaint when determining whether Plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. The Court acknowledges that Plaintiff alleges he was violently attacked by a group of the Defendants in June of 2023, and that he alleges he wrongfully served a term of segregation after that incident, but he does not identify any facts that suggest a *present* threat of impending harm. Instead, his allegations pertain largely to *past* harm. The only potential mention of a present threat is Plaintiff's alleged

need for access to ongoing lung cancer treatment, but this allegation is unrelated to the remainder of the allegations in his complaint, and it is not associated with any of the named defendants. As such, this one allegation is insufficiently pled and does not provide a gateway to maintain this litigation under § 1915(g).

Based on the foregoing analysis, the Court finds it appropriate to revoke Plaintiff's IFP status.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's in forma pauperis status (see Docs. 2, 5) is **REVOKED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $402.00 for this action within twenty-one (21) days of the date of entry of this Order (on or before November 30, 2023). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff's Motion for Status (Doc. 8) is **GRANTED** by the issuance of this Order.

**IT IS SO ORDERED.**

Dated: November 13, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge